# IN THE COURT OF APPEALS OF IOWA

No. 20-1267
Filed September 22, 2021

SARA L. DUNCAN,
    Petitioner-Appellee,

vs.

STEVEN K. MUEGGENBERG,
    Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Scott J. Beattie, Judge.


Steven Mueggenberg appeals the district court's issuance of a final

domestic abuse protective order against him. **REVERSED AND REMANDED.**


Nathan A. Olson of Branstad & Olson Law Office, Des Moines, for appellant.

John Q. Stoltze of Stoltze & Stoltze, PLC, Des Moines, for appellee.


Considered by Vaitheswaran, P.J. and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

Sarah Duncan filed a petition for relief from domestic abuse against Steven Mueggenberg, the father of her child. *See* Iowa Code ch. 236 (2020). She alleged that, about two weeks earlier, the child "brought to [her] attention that his dad want[ed] to kill" her. She further alleged that, "about a week" earlier, "someone knocked on [her] door at 5:30 a.m. then took off." She admitted she "couldn't see anything." Duncan also alleged Mueggenberg assaulted her in 2015 and 2016.

The district court issued a temporary protective order. Following an evidentiary hearing, the court filed a final domestic abuse protective order. Mueggenberg appealed. Duncan did not file a responsive brief.

Chapter 236 defines "[d]omestic abuse" as an "assault" within the meaning of Iowa Code section 708.1 under specified circumstances, including where "[t]he assault is between persons who are parents of the same minor child." Iowa Code § 236.2(c). Section 708.1, in turn, states in pertinent part:

> A person commits an assault when, without justification, the person [among other things] does any of the following:
> a. Any act which is intended to cause pain or injury to, or which is intended to result in physical contact which will be insulting or offensive to another, coupled with the apparent ability to execute the act.
> b. Any act which is intended to place another in fear of immediate physical contact which will be painful, injurious, insulting, or offensive, coupled with the apparent ability to execute the act.

*Id.* § 708.1(2).

Mueggenberg contends Duncan failed "to meet statutory requirements for the entry of a chapter 236 final protective order." On our de novo review, we agree.

Duncan did not predicate her petition on physical contact. *See Henderson v. Mullenix*, No. 19-0626, 2020 WL 1049872, at *2 (Iowa Ct. App. Mar. 4, 2020)

("In this case, no assaultive physical contact is alleged."). She conceded having no idea whether Mueggenberg was the person who came to her door. She went so far as to say, "It might have been someone else. [I] [c]an't pinpoint who it was." Without knowing whether Mueggenberg was at her doorstep, Duncan could not establish that he placed her in fear of immediate physical contact.

As noted, Duncan relied on her child's assertion that Mueggenberg threatened to kill her. Duncan offered a cell phone recording of the child's apparent threat. The district court admitted the recording over Mueggenberg's objection, an objection he reprises on appeal.

Sitting in equity, the district court was authorized to admit the recording subject to the objection. *See Wilker v. Wilker*, 630 N.W.2d 590, 597 (Iowa 2001). That said, the recording does not assist Duncan.

First, we question whether the four-year-old child articulated a threat. The snippet contained a youthful, somewhat garbled statement by the child, followed by Duncan's repetition of what she characterized as a threat. When pressed by Duncan, the child discussed Mueggenberg's wish not to have Duncan come over to his house, something Duncan conceded never happened.

Even if the child's statement could be construed as a threat, it did not suffice to establish an assault. Duncan had to show an intent to place her in fear of immediate physical contact as well as Mueggenberg's apparent ability to execute the act. *See Henderson*, 2020 WL 1049872, at *2 (quoting Iowa Code § 708.1(2)(b)). She provided no evidence that Mueggenberg was near her at the time or that he could act on the threat. *See id.* ("Communications at a distance do not establish [a party] had the intent to cause 'immediate' physical contact or the

'apparent ability' to act."); *In re Landhuis*, No. 14-1447, 2015 WL 1331854, at *3 (Iowa Ct. App. Mar. 25, 2015) (noting "threat was made over the telephone" and "[t]he parties were 160 miles, and several hours by car, from each other," precluding "immediate physical contact and, by extension, [a] reasonable fear of immediate physical contact"); *Kiersch v. Kiersch*, No. 12-0289, 2012 WL 4101011, at *1 (Iowa Ct. App. Sept. 19, 2012) (reversing and remanding for dismissal of a chapter 236 proceeding where the petitioner failed to establish immediacy and apparent ability to execute threats contained in text messages); *Speicher v. Rajtora*, No. 08-0769, 2009 WL 607497, at *1 (Iowa Ct. App. Mar. 11, 2009) (reversing and remanding for dismissal of chapter 236 proceeding where threatening telephone communication was made while the parties were one to two miles apart).

Remaining are Duncan's allegations of abuse in 2015 and 2016, supplemented by other allegations raised at the hearing. The 2015 and 2016 events were arguably too old to serve as the basis for a 2020 protective order. But even if we were to overlook their age, Duncan retracted certain allegations and Mueggenberg proffered evidence contradicting others. Notably, the timing of one event lent support to Mueggenberg's contention that Duncan used the chapter 236 petition as a litigation sword in her battle with Mueggenberg for custody of the child.

On our de novo review, we conclude Duncan failed to establish that Mueggenberg committed domestic abuse assault. We reverse and remand for dismissal of the protective order.

**REVERSED AND REMANDED.**